ORIGINAL

STEVEN L. BARTH
California State Bar No. 224185
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467

Attorneys for Petitioner Karin Elena Causbie Gullers

FILED
2007 DEC 18 PM 1:24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KARIN ELENA CAUSBIE GULLERS,

    Petitioner,

v.

RAUL DAVID BEJARANO, United States Marshal for the Southern District of California

    Respondent.

No. 07 CV 2368 JM WMc
Related Case No. 06mj1674-AJB
Related Case No. 06cv1659-JTM

PETITION FOR WRIT OF HABEAS CORPUS

I.

### INTRODUCTION

KARIN ELENA CAUSBIE GULLERS petitions this Honorable Court for a writ of habeas corpus following an order by the Honorable Anthony J. Battaglia, United States Magistrate Judge, certifying her for extradition to Mexico by the Secretary of State. The order certifying extradition violates both the Constitution of the United States as well as the treaty between Mexico and the United States. The writ of habeas corpus should issue because Ms. Causbie Gullers is in United States Marshall custody in violation of the extradition treaty between the United States and Mexico.

//

//

## II.

## JURISDICTION

A district court has jurisdiction over a petition for a writ of habeas corpus when a person is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of an order certifying extradition is available by way of a petition for a writ of habeas corpus. Caplan v. Vokes, 649 F.2d 1336, 1340 (9th Cir. 1981). Venue is proper in this district as all proceedings (including execution of an arrest warrant and her arrest) have been held here and Ms. Causbie is currently in custody in the Southern District of California. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## PETITION

1.  Ms. Causbie is currently in the custody of the United States. She is being detained at the Western Regional Detention Facility in downtown San Diego. She is in United States Marshall custody.

2.  Ms. Causbie is confined, in part, pursuant to an arrest warrant issued on March 27, 2006 and an order certifying her extradition to the Secretary of State issued by the Honorable Anthony J. Battaglia, United States Magistrate Judge for the Southern District of California. This order was filed on July 20, 2006, in case number 06MJ0603-AJB (hereinafter the "Order").

3.  Ms. Causbie filed a petition for writ of habeas corpus in the district court challenging the Order. See 06CV1659-JTM. The Honorable Jeffrey T. Miller denied Ms. Causbie's petition for writ of habeas corpus.

4.  Ms. Causbie filed an appeal with the Ninth Circuit appealing Judge Miller's denial of her petition. See Ninth Cir. Case No. 07-55137.

5.  On September 7, 2006, a second complaint for extradition was filed in the district court. See 06MJ1674-AJB. This complaint for extradition arose out of the same facts alleged in the 06MJ0603-AJB case; the 06MJ1674-AJB case simply alleged additional

victims. Ms. Causbie now remains in marshal custody pursuant to both the 06MJ1674-AJB case as well as the 06MJ0603-AJB case.

6. On November 20, 2006, Ms. Causbie filed a Response and Opposition to the Government's Request to Certify Ms. Causbie for Extradition in 06MJ1674-AJB. See id. at CR13.[1]

7. On December 18, 2006, the Honorable Judge Battaglia entered an order certifying Ms. Causbie for extradition (hereinafter the "Order II"). See 06mj1674-AJB at CR16.

8. Ms. Causbie has not appealed Order II certifying her extradition. There is no right to direct review of an order certifying extradition, and review is available only by way of a petition for a writ of habeas corpus. Caplan, 649 F.2d at 1340; see also Quinn v. Robinson, 783 F.2d 776, 786 n.3 (9th Cir. 1986).

9. In its habeas review of the Magistrate Judge's extradition order, the District Court may only consider "whether: (1) the extradition magistrate had jurisdiction over the individual sought, (2) the treaty was in force and the accused's alleged offense fell within the treaty's terms, and (3) there is 'any competent evidence' supporting the probable cause determination of the magistrate." Vo v. Benov, 447 F.3d 1235, 1240 (9th Cir. 2006) (quoting Mainero v. Gregg, 164 F.3d 1199, 1201-02 (9th Cir. 1999) and Quinn, 783 F.2d at 790.

10. The grounds upon which Ms. Causbie claims that she is being held unlawfully and the supporting facts are set forth in Section IV and V below.

11. Ms. Causbie has not filed any previous petitions for a writ of habeas corpus or motions under 28 U.S.C. § 2255 in response to Order II.

12. A motion under 28 U.S.C. § 2255 is not an available remedy to Ms. Causbie. Review of an order certifying extradition is available only by way of a petition for a writ of habeas corpus. Caplan, 649 F.2d at 1340.

---

[1] "CR" refers to the clerk's record.

13.     Ms. Causbie is an indigent client currently represented by Steven L. Barth through Federal Defenders of San Diego, Inc., pursuant to the appointment by the Honorable Anthony J. Battaglia, United States Magistrate Judge, on September 8, 2006, in case number 06MJ1674-AJB. Mr. Barth's address is 225 Broadway, Suite 900, San Diego, California 92101. Mr. Barth's telephone number is (619) 234-8467. Ms. Causbie has been represented by Mr. Barth throughout the course of the extradition proceedings.

14.     Ms. Causbie is not seeking leave to proceed in *forma pauperis*.

## IV.

## FACTUAL BACKGROUND IN SUPPORT OF PETITION

**A.    The Original Request for Extradition**

On March 27, 2006, the U.S. Attorneys Office filed a Complaint For Extradition against Ms. Karin Elena Causbie Gullers (hereinafter "Ms. Causbie"). See 06MJ0603-AJB at CR 1.[2] The government filed the Extradition Complaint on behalf of the government of Mexico pursuant to an extradition treaty between Mexico and the United States (hereinafter the "Treaty"). According to the Extradition Complaint Ms. Causbie was charged with a violation of Articles 250 and 251 (fraud) of the Penal Code of the state of Jalisco, Mexico. On June 22, 2006, Ms. Causbie filed a Response and Opposition to the Government's Request to Certify Ms. Causbie for Extradition (hereinafter the "First Opposition"). On June 29, 2006, a hearing was held during which the parties argued their positions to the Court. On July 20, 2006, the Court filed an order rejecting Ms. Causbie's arguments against extradition and certifying her for extradition. See 06MJ0603-AJB at CR 16. On August 15, 2006, Ms. Causbie challenged that order via a petition for Habeas Corpus to the district court (hereinafter the "Petition"). See 06CV1659-JTM. Judge Miller denied the petition and

---

[2]    "CR" stands for clerks record.

the case is currently pending before the Ninth Circuit Court of Appeals.[3] See Ninth Cir. Court Case No. 07-55137.

**B.    The Current Request for Extradition**

On September 7, 2006, the government filed a second complaint for the extradition of Ms. Causbie (hereinafter, the "Extradition Complaint"). This was again done on behalf of the government of Mexico pursuant to the Treaty and is the subject of *this* Petition. Attached to the complaint was a diplomatic note from the Mexican government that formed the basis for a request from Mexico for Ms. Causbie's extradition (hereinafter, the "Note"). The note describes two pending criminal cases out of Jalisco, Mexico (Case No. 526/2001-C and Case No. 177/2002-A) and it was filed, along with the Complaint, with clerk of the Court on September 7, 2006. See 06MJ1674-AJB at CR 1. It appears that the criminal cases pending against Ms. Causbie in Mexico that form the basis of the current Extradition Complaint are related to the fraud allegations in the original extradition request. It appears the current Extradition Complaint was simply an opportunity to name additional victims. As such, Ms. Causbie hereby incorporates by reference the factual background (including all exhibits and attachments) and legal arguments (with regard to her statute of limitations claims) outlined in her First Opposition in case 06MJ0603-AJB. On November 20, 2006, in case 06MJ1674-AJB, Ms. Causbie filed a Response and Opposition to the Government's Request to Certify Ms. Causbie for Extradition (hereinafter "Second Opposition"). See id. at CR 13. Ms. Causbie hereby incorporates by reference the factual background (including all exhibits and attachments to) and legal arguments (with regard to the statute of limitations

---

[3]    The case was argued before a three judge panel of the Ninth Circuit (Harry Pregerson, J., Michael Hawkins, J., and Raymond Fisher, J.) on October 17, 2007. Steven Hubachek of Federal Defenders of San Diego, Inc., stood in for the undersigned at the oral argument. The arguments can be heard at: http://www.ca9.uscourts.gov/ca9/media.nsf/Media%20Search?OpenForm&Seq=2. Those arguments are incorporated here by reference.

1  claims) outlined in her Second Opposition in case 06MJ1674-AJB. On December 18, 2006,
2  Judge Battaglia certified Ms. Causbie for extradition in 06MJ1674. <u>See</u> CR at 16. Finally,
3  Ms. Causbie hereby incorporates by reference the factual background (including all exhibits
4  and attachments to) and legal arguments (with regard to her statute of limitations claim)
5  outlined in her Petition in case 06CV1659-JTM and her briefs and argument in the Ninth
6  Circuit appeal case no. 07-55137.

7  Ms. Causbie supplements her First and Second Oppositions, Petition and Appeal
8  (hereinafter, collectively the "Prior Filings") with the following.

## C. Fraud

As stated above, the Note upon which extradition is claimed, references two pending fraud cases out of Jalisco, Mexico in which Ms. Causbie is a named defendant. In both pending cases - - Nos. 526/2001-C and 177/2002-A - - Ms. Causbie is charged under Article 250 with Fraud. <u>See</u> Exhibit 13 to the Note (Case No. 526/2001-C); and Exhibit 28 to the Note (Case No. 177/2002-A). The criminal code of Jalisco, Mexico makes it a crime to defraud another person. Accordingly, Chapter V, Article 250 of the Code reads:

> The crime of fraud is committed when a person deceives another person, or takes advantage of a mistaken belief held by the latter, and illegally obtains an object or an undue gain from said person.

Exhibit 1 (Case No. 177/2002-A) to the Note at 010200 (bate stamped at top right of each page). Thus, Ms. Causbie is charged with deceiving another person and receiving an undue gain as a result of such deception.

## D. Case No. 526/2001-C

On November 28, 2001, the Second District Court in Jalisco, Mexico issued an arrest warrant for Ms. Causbie as well as George Watterwald and Jeffrey Mark Lippert. <u>See</u> Exhbit 13 to the Note at 010183.[4] The "defendants" were alleged to have defrauded Maria Arambula Diaz-Jantzi and Gordon Jerry Jantzi Lobsinger.[5] <u>See id.</u> The evidence that led

---

[4] The Exhibits cited to in this section correspond to case 526/2001-C.

[5] As she has done in her prior filings Ms. Causbie will refer to the alleged victims of the fraud

the District Court in Jalisco to issue the Warrant for Ms. Causbie and her co-defendants is the following: (1) ratification of a complaint lodged by Elizabeth Arambula [see Exhibit 2 to the Note]; (2) ratification of a complaint lodged by Gordon Jantzi Lobsinger [see Exhibit 3 to the Note]; (3) deposition of Bernard Addy [see Exhibit 5 to the Note]; (4) complaints lodged by Elizabeth Arambula and Gordon Jantzi [see Exhibit 9 to the Note]; and (5) participation agreements entered into by Gordon Jantzi with First Global Bank (hereinafter "FGB") [see Exhibit 11 to the Note].

      Essentially, Ms. Arambula and her husband Mr. Jantzi were contacted by friends (Fred and Ann) for the purposes of getting them to invest in First Global Bank (hereinafter "FGB"). See Exhibit 9 to the Note at 010110. They subsequently attended seminars held by George Wetterwald (including one held at the Reality Hotel). See id. at 010111 and Exhibit 3 to the Note at 010041. Mr. Wetterwald and Mr. Jeffrey Lippert held themselves out to be official FGB bank representatives. See id. Based on Wetterwald's and Lippert's solicitations, Mr. Jantzi invested approximately $39,000 in FGB. See Exhibit 9 to the Note at 010111. The investments were made in two separate installments on January 20, 1999 and March 15, 1999. See id. and Exhibit 11 to the note at 010119 and 010122. Apparently, several of the transactions between Mr. Jantzi and FGB took place at Mr. Lippert's fish market. See Exhibit 3 to the Note at 010042. However, Wetterwald and Lippert disappeared sometime after Mr. Jantzi's investment.[6] Thereafter, a meeting of investors was held in Chapala, Jalisco and Ms. Causbie promised a return of all the investor money. See id.

**E.    Case No. 177/2002-A**

---

as the "Complainants" and their formal allegations as "Complaints."

    [6] In their initial complaint dated May 24, 2000, Ms. Arambula and Mr. Jantzi claimed that Mr. Wetterwald and Mr. Lippert disappeared in October of 1999. See Exhibit 9 to the Note at 0010111. Later in Mr. Jantzi's ratification of his complaint dated May 30, 2000, he claims that Mr. Wetterwald was deported in March or April of 1999. See Exhibit 3 to the Note at 010041.

Related Cases: 06MJ0603-AJB, 06cv1659-JTM    7    (Case # TBA)

1 | Much like in Case No. 526/2001-C, Georges Wetterwald and Jeffrey Lippert solicited the investors/complainants named in this case to invest in FGB. See e.g. Exhibit 4 to the Note at 010222.[7] Wetterwald held himself out as the "owner of FGB. See i.d. at 010223. Lippert held himself out to be "vice president" of FGB. See i.d. Ms. Causbie, on the other hand, is only alleged to have acted as director of FGB *after* her husband disappeared. See e.g. Exhibit 6 to the Note at 010242.

Arthur Wood's claims are typical of the investor group in this case. Upon Wetterwald's and Lippert's solicitation he invested $30,000 in FGB on March 20, 1999. See Exhibit 7 to the Note at 010245. By April of that same year Mr. Wetterwald had disappeared (due to extradition to the United States for fraud).[8] See id. at 010246. By October the interest payments that had been promised by Wetterwald and Lippert were altogether stopped. See id. After Mr. Wetterwald's disappearance Ms. Causbie allegedly took over directorship of FGB. See id. However, Ms. Causbie "vanished" during the same period in which the interest payments stopped. See id. While the specific dates do vary Complainant to Complainant, the order of events do not.

It seems, according to some of the evidence in the Note, that even by early in the year of 2000 the alleged investors in FGB suspected that they had been defrauded. See e.g., Exhibit 22 to the Note at 010203 (complaint of George Lang Wilson stating that he asked for his money back in January of 2000 because he had received no payments); Exhibit 19 to the Note at 010160 (handwriting on fax from Geffrey Ward requesting to know what the problem is and stating that he cannot get his money - - dated May 27, 2000); and Exhibit 19 to the Note at 010164 (memorandum with Karin Wetterwald's name on it explaining that she will be moving out of the area shortly due to "obvious personal reasons" and not finding the "Lake Chapala area as tranquil as we would have hoped," dated February 2, 2000).

---

[7] The Exhibits cited to in this section correspond to case 177/2002-A.

[8] The date of disappearance of Wetterwald does vary in the complainants statements.

According to Mr. Wilson, Ms. Causbie disappeared after her husband was extradited to the United States. Despite being gone she allegedly remained in communication for a year and a half. See Exhibit 22 to the Note at 010203. However, at the time of the his Complaint, Mr. Wilson had not heard from her for nine months. See id. Thus, according to Mr. Wilson, Ms. Causbie had disappeared over two years before he made his Complaint.

## V.

## LEGAL GROUNDS IN SUPPORT OF PETITION

### A. Introduction.

Ms. Causbie challenges the order of certification because she does not fall within the jurisdiction of this Court, there is not competent evidence upon which to base her extradition and because certification is at odds with the terms of the Treaty. See Vo, 447 F.3d at 1240. She respectfully requests that her petition for writ of habeas corpus be granted, the order of certification be reversed and she be released from custody forthwith.

### B. The Government Bore the Burden of Proving that Certification Was Appropriate.

The Government moved to have Ms. Causbie certified for extradition to Mexico. As such, the burden fell on the government to prove the following: "(1) the existence of a warrant for [the person's] arrest; (2) the existence of a treaty providing for extradition for the charged offense for which the warrant was issued; (3) that [the person sought to be extradited] is the person named in the warrant; (4) that there is probable cause to believe that [the person] committed the offense[s] charged; and (5) that the facts alleged would also constitute an offense in the United States (dual criminality)." In re Extradition of Platko, ("Platko") 213 F. Supp.2d 1229, 1235 (S.D. Cal. 2002) (citing and quoting Petition of France for Extradition of Sauvage, 819 F. Supp. 896, 897 (S.D. Cal. 1993)). The treaty itself may not provide for extradition in certain circumstances. A Court must examine the treaty itself in order to determine if there are any defenses to extradition contained therein. See, e.g., Caplan v. Vokes, 649 F.2d 1336, 1342 (9th Cir.

1981) (statute of limitations clause written into treaty prevented extradition). For the reasons that follow, Ms. Causbie is being held in custody unlawfully and she urges this Court to grant her petition.

C.  **Statute of Limitations.**

    1.  **The Treaty**

Article 7 of the Treaty with Mexico is entitled "Lapse of Time." That article reads as follows: "Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested party." Thus, under the plain language of Article 7, it was the government's burden to prove that the statute of limitations - - under Mexican law and the laws of the United States - - had not run. See, e.g., Caplan, 649 F.2d at 1341-42 (finding that government did not prove that relator was a fugitive from justice and thus holding that the statute of limitation had run). Finally, it must be remembered that:

> The limitations provision of [a] treaty, no less than any found in domestic law, represents an important right of the accused. As the Supreme Court has stated, statutes of limitation "provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." United States v. Marion, 404 U.S. 307, 322, 92 S. Ct. 455, 464 (1971). Criminal statutes of limitations are therefore liberally interpreted in favor of repose. Toussie v. United States, 397 U.S. 112, 115, 90 S. Ct. 858, 860 (1970).

Caplan 649 F.2d at 1341 n. 7.

    2.  **Statute of Limitations: Mexico**

Chapters VI, VII and VIII of the Jalisco Code cover the statutes of limitations. Chapter VI of the Code, Article 78 reads as follows: "[s]tatute of limitations extinguishes the criminal actions and the penalties imposed." Article 79 reads, "[s]tatute of limitations is a personal right; it only takes the simple passage of time so established by the law for those criminal actions and penalties to end." Thus, Article VI covers the remedies for a violation the statute of limitations. Chapter VII, Article 80, reads in pertinent part: [t]he right of the victim to file a complaint for a crime, whether the crime

1 be continuous or not, or that it may only be initiated by the complaint, shall prescribe in
2 one year counted from the day the persons offended to file the complaint have
3 knowledge of the crime and the offender. . . ."[9] Thus, Article 80 requires a complainant
4 to file his/her complaint within six months from the day the complainant has knowledge
5 of the crime and the alleged offender.[10]

6       Here it is clear that the Complainants filed the Complaints more than six months
7 after they had knowledge of the supposed crime. In case 526/2001-C, Mr. Jantzi claimed
8 that Mr. Wetterwald disappeared in either the spring or fall of 1999. See footnote 3 above. Mr.
9 Jantzi, however, did not file a complaint until May 24, 2000. Thus, even if Mr. Jantzi did not
10 learn of Wetterwald's disappearance until October of 1999 - - the later of the two dates - - he
11 failed to file his complaint within six months. Similarly, in case 177/2002-A, all of the
12 complaints - - with the exception of two - - were made in October or November of 2001. See
13 Exhibits 6, 7, 17, 20, 22, 24, and 26 to the Note. By the time of these complaints more than six
14 months had passed since the investors began suspecting that they had been taken advantage of.
15 The two exceptions are Mr. Addy's complaint and Mr. and Mrs. Corkill's complaint. See
16 Exhibits 9 and 15 to the Note. Mr. Addy's complaint is not dated. See Exhibit 9 to the Note.
17 Thus, neither the government nor Mexico has shown that Mr. Addy's complaint was made
18 within six months of the alleged crime. The Corkill complaint appears to be dated May 24,
19 2000. See Exhibit 15 to the Note at 010114. However, the Corkill complaint states that "in
20 October year 1999 [ ], George Wetterwald disappeared leaving the investment unconcluded."
21 Id. at 0101113. Thus, well over six months had past between the time the Corkills were aware
22 that they had been deceived and the time of their complaint. Finally, the prior extradition
23 request also supports the argument that the Complainants filed their Complaints well

---

[9]     As explained in all of the prior filings, Article 80 has been amended and now has a limitation of six months.

[10]     Chapter VIII covers statute of limitations for the criminal action itself and it is based on the mean of the minimum and maximum custodial period - - which in turn is based, in fraud cases, on the amount of loss. Assuming that the Mexican government's calculation is correct, Chapter VIII is not implicated in Ms. Causbie's petition.

Related Cases: 06MJ0603-AJB, 06cv1659-JTM     11     (Case # TBA)

1 after the six month period of limitations. See First Opposition and Petition for Writ of
2 Habeas Corpus.
3   Ms. Causbie adopts the arguments she made in her Prior Filings. She argues that
4 because the statute of limitations within which the complainants had to file a complaint had
5 passed she is entitled to a denial of certification of extradition pursuant to Article 7 of the Treaty
6 with Mexico.
7   3.   **Statute of Limitations: United States**
8   In the United States Title 18, U.S.C. § 3282 controls the statute of limitations in
9 cases that are not capital in nature. It reads in pertinent part:

> Except as otherwise expressly provided by law, no person shall be
> prosecuted, tried, or punished for any offense, not capital, unless the
> indictment is found or the information is instituted within five years next
> after such offense shall have been committed.

12
13 The five year period begins to run when all of the elements of the offense have been
14 committed. See United States v. Beardslee, 197 F.3d 378, 385 (9th Cir. 1999) (citing
15 United States v. Drebin, 557 F.2d 1316, 1333 (9th Cir. 1977)). As noted earlier,
16 according to the Note, Ms. Causbie has been charged under Articles 250 and 251 of the
17 Jalisco Code. Article 250 recites the elements of fraud:

> The crime of fraud is committed when a person deceives another person, or
> takes advantage of a mistaken belief held by the latter, and illegally obtains
> an[] object or an undue gain from said person, for his/her own benefit or
> somebody else's.

20 Thus, the crime Ms. Causbie has been charged with was completed when she deceived
21 (allegedly) the Complainants and received gain as a result. In her Prior Filings, Ms.
22 Causbie argued that the five year United States statute of limitations had run. Ms. Causbie
23 adopts the same argument here. By late 1999 to early 2000 the investors were aware that they
24 had likely been deceived. By the time of Ms. Causbie's arrest here on this case the five year
25 period of limitations had run. Moreover, Ms. Causbie contends, for the reasons outlined in her
26 Prior Filings, that the arrest warrant issued for her in Mexico was not sufficient to toll the U.S.
27 period of limitations.
28                             **VI.**

## CONCLUSION

For the foregoing reasons, Ms. Causbie respectfully prays that the Court grant the writ of habeas corpus and all other relief to which she may be entitled in this proceeding.

## VII.

## VERIFICATION

I, Steven L. Barth, hereby verify that the facts contained in the instant petition are true and correct to the best of my knowledge and that I am authorized by Ms. Causbie to file the instant petition on her behalf.

Respectfully Submitted,

Dated: December 17, 2007   By: _____
STEVEN L. BARTH
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Causbie

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KARIN ELENA CAUSBIE GULLERS

**DEFENDANTS**
RAUL DAVID BEJARANO, UNITED STATES MARSHAL

FILED
2007 DEC 18 PM 1:31

**(b)** County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY _____ KNH _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
STEVEN L. BARTH, FEDERAL DEFENDERS OF SAN DIEGO, 225 BROADWAY, SUITE 900, SAN DIEGO, CA 92101

Attorneys (If Known)
**07 CV 2368 JM WMC**
ROBERT CIAFFA, ASSISTANT UNITED STATES ATTORNEY, 880 FRONT STREET, SAN DIEGO, CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2241
Brief description of cause:
PETITION FOR WRIT OF HABEAS CORPUS IN OPPOSITION TO EXTRADITION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE JEFFREY T. MILLER    DOCKET NUMBER 06CV1659

DATE 12/18/2007
SIGNATURE OF ATTORNEY OF RECORD *[signature: Steven L. Barth]*

**FOR OFFICE USE ONLY**
RECEIPT # 145671   AMOUNT $5.00   12/18/07
APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        #  145671      — SR

        December 18, 2007
            13:34:18


          Habeas Corpus
    USAO #.: 07CV2368 HABEAS
    Judge..: JEFFREY T MILLER
    Amount.:              $5.00 CC



        Total-> $5.00


    FROM: GULLERS V. BEJARANO
          HABEAS
```