007373

## UNOFFICIAL TRANSLATION

Washington, DC   August 19, 2002

2002 AUG 20 A II: 56

Mr. Secretary:

On behalf of my Government, I have the honor of referring to the Extradition Treaty signed between the United Mexican States and the United States of America, in addition to the request of provisional arrest for extradition purposes, number 5314, dated June 12, 2002, regarding GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*, for his alleged perpetration of the crime of *FRAUDE* (FRAUD); and KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, for their alleged perpetration of the crime of *FRAUDE* (FRAUD). This crime resulted in an arrest warrant, within criminal investigation number 526/2001-C and criminal investigation number 177/2002-A, issued by the Criminal Judge in the Second Judicial District in Chapala, Jalisco.

In regards to this matter, on behalf of my Government, and on the basis of Article 1, section 1; Article 2, section 1, section 3, and section 4; and, especially, Article 10 of the aforementioned Treaty, I hereby formalize before your Government the request of extradition of GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT.

It is known that GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD* has been under arrest and subject to the extradition process since June 24, 2002.

Regarding KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, they can be located at 10359 East Verbena Lane, Scottsdale, Arizona, United States of America.

### ARREST WARRANT

1) On November 28, 2001, the Criminal Judge in the Second Judicial District in Chapala, Jalisco issued an arrest warrant to GEORGE WATTERWALD a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, within criminal investigation 526/2001-C, for their alleged perpetration of the crime of *FRAUDE* (FRAUD). This crime is covered and punishable under Article 250 and Article 251 of the Penal Code for the state of Jalisco.

(On May 9...)

To His Excellency
Colin L. Powell
Secretary of State
Washington, DC

1

007373

2) On May 9, 2002, the Criminal Judge in the Second Judicial District in Chapala, Jalisco issued an arrest warrant to GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, within criminal investigation number 177/2002-A, for their alleged perpetration of the crime of *FRAUDE* (FRAUD). This crime is covered and punishable under Article 250 and Article 251 of the Penal Code for the state of Jalisco.

The conducts attributed to the all of the accused, upon which their arrest warrants were issued, are punishable by the laws of both countries by an imprisonment sentence of no less than one year, as is established in Article 2, paragraph 1 of the Extradition Treaty signed between the United Mexican States and the United States of America, and included in paragraph 8 of this Treaty's Appendix.

Article 250 of the Penal Code for the state of Jalisco states, *verbatim*:

> "The crime of fraud is committed by whomever, deceiving someone or taking advantage of someone's mistake, illicitly comes into possession of something or obtains and improper gain or benefit for himself/herself or for another person."

Additionally, Article 251 of the Penal Code for the state of Jalisco establishes that the perpetrator of the crime of *FRAUDE* (FRAUD) will be sentenced as follows:

> "I. A six-month-to-two-year incarceration sentence and a fine of two to eight days of wages, when the value of what has been defrauded does not surpass the amount of 450 days of minimum salary wage, in effect where the crime was committed.
>
> II. When the value of what has been defrauded exceeds the amount stated in the section above, but does not exceed what is stated in the section below, a two-to-seven-year incarceration sentence and a four-to-forty days of wages fine will be issued. The same fine will be applied in the case of the section below, when the item or its value is restored and the damage is repaired up until the trial conclusions are announced, and:
>
> III. A four-to-ten-year incarceration sentence and a fine of 20 to 80 days of wages, when the value of what has been defrauded surpasses the amount of 2,520 days of minimum salary wage, in effect where the crime was committed."

The elements constituting the crime, which led the Criminal Judge in the Second Judicial District in Chapala, Jalisco to issue the arrest warrant to the accused, are based upon the following

**FACTS**

From October 1998 to early 1999, GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, posing as representatives of First Global Bank, offered investments in said financial institution, which they allegedly represented, to foreign residents in the city of Chapala, Jalisco. They offered to pay them a 20% interest rate by the second month of investment and a 10% interest rate in the other months. These people were all retired U.S. and Canadian residents, ranging in age from 55 to 70 years old, who were living in Mexico and invested their savings.

In order to convince them of the truthfulness of their operation, GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD* and KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* organized a series of seminars at the *Hotel Real de Chapala* to provide further information regarding the operations at First Global Bank and, if that were the case, to clarify any questions posed by possible investors. At later dates, these meetings were held at the home of JEFFERY MARK LIPPERT, who owned a business in said city.

The clients contacted by GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, in view of the explanations provided and the way all of the accused apparently conducted business and the moral and financial solvency which they displayed, upon stating that they were authorized bank representatives of First Global Bank, the clients decided to invest some money, in the following amounts and dates:

CLIENT:   ELIZABETH ARAMBULA DE JANTZI and GORDON JANTZI

1. FGB General Fund Participation Contract, dated January 20, 1999, in the amount of US$14,010.00 (fourteen thousand and ten and 00/100). This was a one-year withdrawable investment.

2. FGB General Fund Participation Contract, dated March 15, 1999, in the amount of US$25,007.00 (twenty-five thousand and seven and 00/100). This was a one-year withdrawable investment.

CLIENT:   BERNARD EVERETT ADDY

1. FGB General Fund Participation Contract, dated October 21, 1998, in the amount of US$10,006.00 (ten thousand and six and 00/100). This was a one-year withdrawable investment.

2. FGB General Fund Participation Contract, dated November 12, 1998, in the amount of US$25,006.00 (twenty-five thousand and six and 00/100). This was a one-year withdrawable investment.

3. FGB General Fund Participation Contract, dated March 18, 1998, in the amount of US$50,006.00 (fifty thousand and six and 00/100). This was a one-year withdrawable investment.

CLIENT:   ANNE LESLEY ATKINS GRAFENHEIN DE WHITE and JOHN ARTHUR WHITE WOOD

3

1. FGB General Fund Participation Contract, dated March 20, 1999, in the amount of US$30,000.00 (thirty thousand and 00/100). This was a one-year withdrawable investment.

**CLIENT:    BRUCE BOULTON CORKILL and EILEEN EMILY CORKILL**

1. FGB General Fund Participation Contract, dated January 20, 1999, in the amount of US$14,010.00 (fourteen thousand and ten and 00/100). This was a one-year withdrawable investment.

**CLIENT:    GEOFFREY GORDON WARD**

1. FGB General Fund Participation Contract, dated February 11, 1999, in the amount of US$16,150.00 (sixteen thousand one hundred and fifty and 00/100). This was a one-year withdrawable investment.

**CLIENT:    ALAN FEHR**

1. FGB General Fund Participation Contract, dated November 14, 1998, in the amount of US$10,002.00 (ten thousand and two and 00/100). This was a one-year withdrawable investment.

**CLIENT:    GEORGE LANG WILSON STEVENSON**

1. FGB General Fund Participation Contract, dated October 8, 1999, in the amount of US$50,000.00 (fifty thousand and 00/100). This was a one-year withdrawable investment.

**CLIENT:    FRED CHAYKO SMUK**

1. FGB General Fund Participation Contract, dated November 6, 1998, in the amount of US$10,001.00 (ten thousand and one and 00/100). This was a one-year withdrawable investment.

2. FGB General Fund Participation Contract, dated January 11, 2000, in the amount of US$38,403.00 (thirty-eight thousand four hundred and three and 00/100). This was a one-year withdrawable investment.

**CLIENT: - GORDON FRAME**

1. FGB General Fund Participation Contract, dated November 12, 1998, in the amount of US$10,007.00 (ten thousand and seven and 00/100). This was a one-year withdrawable investment.

2. FGB General Fund Participation Contract, dated January 20, 2000, in the amount of US$40,420.00 (forty thousand four hundred and twenty and 00/100). This was a one-year withdrawable investment.

In the months of March or April 1999, GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD* was arrested in Mexican territory and deported to the United States of America where he was facing criminal charges regarding the crime of

insurance fraud. As a consequence, he was sentenced to prison. In the days after, KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD*, the accused's spouse, called for a meeting with the investors and told them that what had happened to her husband was a mistake and that they would return their money —the capital and the interests— to them, thus attempting to maintain the deceit regarding their customers about the honesty of their actions. The investors only received payment of the interests up to September 1999.

By October 1999, GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT disappeared and left without providing any information regarding the investments. The investors, concerned in view of this absence and without any information concerning their money, proceeded to search for the offices of First Global Bank. However, they found out that First Global Bank neither exists nor is registered in any city.

The stated facts and elements of evidence provided during the investigation led the Criminal Judge in the Second Judicial District in Chapala, Jalisco to issue arrest warrants to GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, in the aforementioned terms.

In compliance with Article 3 and Article 10, paragraph 3, section b) of the Extradition Treaty between the United Mexican States and the United States of America, the following evidence is presented:

## EVIDENCE
### (Criminal Investigation number 526/2001-C)

1. The reproduction and certification regarding the legal provisions which set the elements constituting the crime, the sentence and those referring to the statute of limitations concerning the illicit conduct attributed to all of the accused under the Penal Code for the state of Jalisco.

2. Appearance before the Public Prosecutor, dated May 30, 2000, in which Elizabelth Arambula de Jantzi ratified the complaint lodged against GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, whom she accuses of having committed the crime of *FRAUDE* (FRAUD) in prejudice of the complainant's assets.

3. Appearance before the Public Prosecutor, dated May 30, 2000, in which Gordon Jerry Jantzi Lobsinger ratified the complaint lodged against GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, whom he accuses of having committed the crime of *FRAUDE* (FRAUD) in prejudice of the complainant's assets.

4. Deposition provided by Antonio Aceves Pérez, dated November 28, 2000, who stated, before the Investigating Public Prosecutor, that he knew about the denounced events because he was present at the meetings held by GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD* and he also knows that the accused cancelled the

investment.

007373

5. Deposition provided by Bernard E. Addy, dated November 28, 2000, who knows about the events where the Jantzis were invited by JEFFREY LIPPERT and GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD* to invest in a bank which, later on, it was found out that it did not exist and that GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD* was arrested in the United States on insurance fraud charges.

6. Ministerial appearance, dated October 15, 2001, before the Investigating Public Prosecutor, in which JEFFREY LIPPERT refused to provide a verbal deposition before the Investigating Public Prosecutor. However, he agreed to provide a written deposition.

7. Deposition provided by Frank Calvin Hutchinson, dated November 6, 2001, before the Investigating Public Prosecutor, in which he stated that he knew about the events in which the Jantzis invested their money based on the representations made by GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD* and how all of the accused did not live up to their promises.

8. Ruling, dated November 12, 2001, by which the Investigating Public Prosecutor at the Second Judicial District assigned to the Office of the Attorney General in the state of Jalisco, filed with the corresponding Judge, the preliminary investigation being conducted against all of the accused, requesting their arrest, based on the evidence provided during the investigation in which they were considered to be the alleged perpetrators of the crime of *FRAUDE* (FRAUD).

9. Compliant lodged by Elizabeth Arambula de Jantzi and Gordon Jantzi, in which they state the events, considered as being criminal actions, which damaged their assets and generated an illicit profit to GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, and state all of the accused as being responsible for these actions.

10. Official letter number 601-VI-SJ-153890, dated July 20, 2001, signed by the Director of Investigation and Assessment of Illegal Operations at the Mexican Banking and Securities Commission, the organization which is in charge of monitoring financial institutions registered in Mexican territory, in which the Director stated that First Global Bank was not under his supervision.

11. Deposit stubs from the deposits made by Gordon Jantzi into First Global Bank, with the corresponding translation into Spanish.

12. Written deposition provided by JEFFREY MARK LIPPERT, before the Investigating Public Prosecutor.

13. Arrest warrant, issued on November 28, 2001, by which the Criminal Judge in the Second Judicial District in Chapala, Jalisco ordered the arrest of GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, for their alleged perpetration of the crime of *FRAUDE* (FRAUD). This

6

007373

crime is covered and punishable under Article 250 and Article 251 of the Penal Code for the state of Jalisco.

14. Judicial resolution, dated January 29, 2002, ordering the calculation of the expiration of the statute of limitations and the timeframe that the penal action is in effect; and certificate, dated January 30, 2002, regarding the timeframe that the arrest warrant is in effect.

## EVIDENCE
### (Criminal Investigation number 177/2002-A)

1. The reproduction and certification regarding the legal provisions which set the elements constituting the crime, the sentence and those referring to the statute of limitations concerning the illicit conduct attributed to the accused under the Penal Code for the state of Jalisco.

2. Ministerial appearance, dated May 29, 2000, by Bernard Everett Addy, before the Investigating Public Prosecutor, in which he ratified each and every part of the complaint lodged against GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT because he considered them to be responsible for the criminal conduct which took place and caused damage to his financial assets.

3. Deposition provided by Gordon Jerry Jantzi, dated November 28, 2000, before the Investigating Public Prosecutor, stating that he had first-hand knowledge about the criminal events with which GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT are charged and which caused damage to the financial assets of Bernard Everett Addy.

4. Deposition provided by Antonio Aceves Pérez, dated November 28, 2000, before the Investigating Public Prosecutor, stating that he had first-hand knowledge about the criminal events with which GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT are charged and which caused damage to the financial assets of Bernard Everett Addy.

5. Ministerial appearance, dated November 7, 2000, before the Investigating Public Prosecutor, in which JEFFREY MARK LIPPERT refused to verbally depose and stated that, afterwards, he would provide a written deposition.

6. Complaint of events, dated November 16, 2001, performed, before the Investigating Public Prosecutor, by Anne Lesley Atkins Grafenhein de White, stating GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT as being the alleged perpetrators in the crime of FRAUDE (FRAUD) committed in prejudice of her financial assets and that of her spouse, John White.

7. Complaint of events, dated November 26, 2001, performed, before the Investigating

Public Prosecutor, by John Arthur White Wood, stating GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT as being the alleged perpetrators in the crime of *FRAUDE* (FRAUD) committed in prejudice of his financial assets and that of his spouse, Lesley Atkins de White.

8. Ruling, dated April 19, 2002, by which the Investigating Public Prosecutor at the Second Judicial District assigned to the Office of the Attorney General in the state of Jalisco, filed with the corresponding Judge, the preliminary investigation being conducted against all of the accused, requesting their arrest, based on the evidence provided during the investigation in which they were considered to be the alleged perpetrators of the crime of *FRAUDE* (FRAUD).

9. Criminal complaint lodged by Bernard Everett Addy against GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, accusing them of the crime of *FRAUDE* (FRAUD), in prejudice of his financial assets.

10. Documents issued by First Global Bank in the names of John and Lesley White, providing proof of the deposits that they made.

11. Letter, presented by JEFFREY MARK LIPPERT, responding to the accusations made against him.

12. Official letter number 601-VI-SJ-167893, dated August 15, 2001, signed by the Director of Investigation and Assessment of Illegal Operations at the Mexican Banking and Securities Commission, the organization which is in charge of monitoring financial institutions registered in Mexican territory, in which the Director stated that First Global Bank was not under his supervision.

13. Ministerial appearance, dated May 30, 2000, by Bruce Boulton Corkill, before the Investigating Public Prosecutor, in which he ratified each and every part of the complaint lodged against GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT.

14. Ministerial appearance, dated May 30, 2000, by Eileen Emily Corkill, before the Investigating Public Prosecutor, in which she ratified each and every part of the complaint lodged against GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT.

15. Penal complaint document, presented by Bruce Boulton Corkill and Eileen Emily Corkill, denouncing the events which they consider to be criminal and stating the perpetrators to be GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT.

16. Documents issued by First Global Bank in the names of Bruce Boulton Corkill and Eileen Corkill.

007373

17. Complaint of events, dated October 24, 2001, performed, before the Investigating Public Prosecutor, by Godfrey Gordon Ward, stating GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT as being the alleged perpetrators in the crime of *FRAUDE* (FRAUD) committed in prejudice of his financial assets.

18. Deposition, dated November 2, 2001, performed by Gordon Jerry Jantzi, before the Investigating Public Prosecutor, regarding the allegedly criminal events regarding which Godfrey Gordon Ward lodged a complaint.

19. Documents which prove the investment made by Godfrey Ward concerning First Global Bank.

20. Complaint of events, dated October 25, 2001, performed, before the Investigating Public Prosecutor, by Alan Fehr, stating GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT as being the alleged perpetrators in the crime of *FRAUDE* (FRAUD) committed in prejudice of his financial assets.

21. Documents which prove the investment made by Alan Fehr concerning First Global Bank.

22. Complaint of events, dated October 26, 2001, performed, before the Investigating Public Prosecutor, by George Lang Wilson Stevenson, stating GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT as being the alleged perpetrators in the crime of *FRAUDE* (FRAUD) committed in prejudice of his financial assets and that of his spouse, Heather Stevenson.

23. Documents which prove the investment made by George Stevenson and Heather Stevenson regarding First Global Bank.

24. Complaint of events, dated October 19, 2001, performed, before the Investigating Public Prosecutor, by Fred Chayko Smuk, stating GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT as being the alleged perpetrators in the crime of *FRAUDE* (FRAUD) committed in prejudice of his financial assets.

25. Documents regarding the investment made by Fred Chayko concerning First Global Bank.

26. Complaint of events, dated November 1, 2001, performed, before the Investigating Public Prosecutor, by Gordon Frame, stating GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT as being the alleged perpetrators in the crime of *FRAUDE* (FRAUD) committed in prejudice of his financial assets.

— - 007373

27. Documents regarding the investment made by Gordon Frame concerning First Global Bank.

28. Arrest warrant, issued on May 9, 2002, by which the Criminal Judge in the Second Judicial District in the state of Jalisco, ordered the arrest of GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT for their alleged perpetration of the crime of *FRAUDE* (FRAUD), in prejudice of the financial assets of Bernard Everett Addy and others. This arrest warrant is currently in effect and the timeframe regarding the statute of limitations has not yet expired.

29. Judicial certificate, dated May 17, 2002, in which the Court Clerk at the Criminal Court in the Second Judicial District in the state of Jalisco stated that the arrest warrant issued within the trial against GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT, for their alleged perpetration of the crime of *FRAUDE* (FRAUD), in prejudice of the financial assets of Bernard Everett Addy and others, is currently in effect and the timeframe regarding the statute of limitations has not yet expired.

The aforementioned elements of evidence, as well as the legal provisions, and the referred record of proceedings are attached to this document along with the corresponding English translation in accordance to the terms in Article 10, paragraph 5 of the aforementioned Treaty.

## GENERAL PERSONAL DATA

In compliance with Article 10, section e) of the Extradition Treaty signed between the United Mexican States and the United States of America, upon which the present request is based, the following are the available general personal data of the accused:

| | |
|---|---|
| NAME: | GEORGE WATTERWALD a.k.a. *GEORGE LOUIS WETTERWALD* |
| NATIONALITY: | U.S. CITIZEN |
| DATE OF BIRTH: | APRIL 17, 1951 |
| AGE: | 51 YEARS OLD |
| HEIGHT: | 1.85 METERS TALL |
| WEIGHT: | 95 KILOGRAMS |
| REMARKS: | HIS SOCIAL SECURITY NUMBER IS 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 AND HIS FBI NUMBER IS 343815TB4. |
| NAME: | KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* |
| NATIONALITY: | MEXICAN |
| DATE OF BIRTH: | MARCH 15, 1968 |

| | |
|---|---|
| AGE: | 34 YEARS OLD |
| HEIGHT: | 1.70 METERS TALL |
| WEIGHT: | 66 KILOGRAMS |
| COMPLEXION: | FAIR-SKINNED |
| EYES: | GREEN |
| HAIR: | LIGHT CHESTNUT BROWN |
| MARITAL STATUS: | MARRIED |
| SPOUSE'S NAME: | GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD* |

007373

| | |
|---|---|
| NAME: | JEFFREY MARK LIPPERT |
| NATIONALITY: | U.S. CITIZEN |
| DATE OF BIRTH: | DECEMBER 14, 1957 |
| AGE: | 54 YEARS OLD |
| HOMETOWN: | PITTSBURGH, PENNSYLVANIA |
| HEIGHT: | 1.75 METERS TALL |
| BUILD: | ROBUST |
| COMPLEXION: | FAIR-SKINNED |
| EYES: | BLUE |
| HAIR: | BLONDE |
| EYEBROWS: | THIN |
| CHIN: | OVAL |
| MOUSTACHE: | TRIMMED |
| MOUTH: | SMALL |
| MARITAL STATUS: | MARRIED |
| SPOUSE'S NAME: | MARIA EUGENIA MENDEZ GUTIERREZ |
| SPOUSE'S NATIONALITY: | MEXICAN |

We request the Government of the United States of America, in compliance with Article 19 of the Extradition Treaty signed between the United Mexican States and the United States of America, the confiscation and seizure of all objects, items and instruments in possession of all of the accused, at the time, or at a later date, of their arrest, which could be used as evidence within the criminal investigation being carried out against them.

Based on the above, I am enclosing in a duly translated and legalized package, the documents that indicate, apart from the crime with which all of the accused are charged, the elements of said crimes, the place, time and circumstances in which the crimes were committed, and the information resulting from the criminal proceedings instituted by the Mexican authorities to prove the crime and to determine the alleged responsibility of GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT. The package, which also includes the arrest warrant for this person, is submitted to Your Excellency as the true information that it is.

In view of the above, Mr. Secretary, and since this petition satisfies the conditions described in the Extradition Treaty currently in force between our two countries, and, to the best of my knowledge, also satisfies the internal procedures of the Mexican State as well as the procedures established by the Extradition Treaty for this formal petition of

11

007373

EXTRADITION, I hereby request Your Excellency's kind mediation so as to obtain from the competent U.S. authorities, even the judicial authorities, the extradition of GEORGE WATTERWALD, a.k.a. *GEORGE LOUIS WETTERWALD*; KARIN ELENA CAUSBIE GULLERS, a.k.a. *KARIN WATTERWALD* and JEFFREY MARK LIPPERT from the United States to Mexico.

With thanks in advance for Your Excellency's valuable assistance concerning this matter, I avail myself of this opportunity to renew to Your Excellency the assurances of my highest and most distinguished consideration.

Mario Chacón
Chargé d'Affaires, a.i.