TREATIES AND OTHER INTERNATIONAL ACTS SERIES 9656

# EXTRADITION

Treaty Between the
UNITED STATES OF AMERICA
and MEXICO

Signed at Mexico City May 4, 1978



NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89–497, approved July 8, 1966 (80 Stat. 271; 1 U.S.C. 113)—

". . . the Treaties and Other International Acts Series issued under the authority of the Secretary of State shall be competent evidence . . . of the treaties, international agreements other than treaties, and proclamations by the President of such treaties and international agreements other than treaties, as the case may be, therein contained, in all the courts of law and equity and of maritime jurisdiction, and in all the tribunals and public offices of the United States, and of the several States, without any further proof or authentication thereof."

For sale by the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402. Subscription Price: $110; $27.50 additional for foreign mailing. Single copies vary in price. This issue $2.

# MEXICO

## Extradition

*Treaty signed at Mexico City May 4, 1978;*
*Ratification advised by the Senate of the United States of America*
*November 30, 1979;*
*Ratified by the President of the United States of America Decem-*
*ber 13, 1979;*
*Ratified by Mexico January 31, 1979;*
*Ratifications exchanged at Washington January 25, 1980;*
*Proclaimed by the President of the United States of America*
*February 6, 1980;*
*Entered into force January 25, 1980.*

---

By the President of the United States of America

## A PROCLAMATION

Considering that:

The Extradition Treaty between the United States of America and the United Mexican States was signed at Mexico City on May 4, 1978, the text of which, in the English and Spanish languages, is hereto annexed;

The Senate of the United States of America by its resolution of November 30, 1979, two-thirds of the Senators present concurring therein, gave its advice and consent to ratification of the Treaty;

The Treaty was ratified by the President of the United States of America on December 13, 1979, in pursuance of the advice and consent of the Senate, and was duly ratified on the part of the United Mexican States;

It is provided in Article 23 of the Treaty that the Treaty shall enter into force on the date of exchange of the instruments of ratification;

The instruments of ratification of the Treaty were exchanged at Washington on January 25, 1980; and accordingly the Treaty entered into force on that date;

Now, therefore, I, Jimmy Carter, President of the United States of America, proclaim and make public the Treaty, to the end that it be observed and fulfilled with good faith on and after January 25,

65–773 O—80                    (1)                    TIAS 9656

2

1980, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have signed this proclamation and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this sixth day of February in the year of our Lord one thousand nine hundred eighty and

[SEAL]    of the Independence of the United States of America the two hundred fourth.

JIMMY CARTER

By the President:
    CYRUS VANCE
        *Secretary of State*

TIAS 9656

3

### EXTRADITION TREATY BETWEEN
### THE UNITED STATES OF AMERICA AND
### THE UNITED MEXICAN STATES

The Government of the United States of America and the Government of the United Mexican States;

Desiring to cooperate more closely in the fight against crime and, to this end, to mutually render better assistance in matters of extradition;

Have agreed as follows:

### ARTICLE 1

#### Obligation to Extradite

1.- The Contracting Parties agree to mutually extradite, subject to the provisions of this Treaty, persons who the competent authorities of the requesting Party have charged with an offense or have found guilty of committing an offense, or are wanted by said authorities to complete a judicially pronounced penalty of deprivation of liberty for an offense committed within the territory of the requesting Party.

2.- For an offense committed outside the territory of the requesting Party, the requested Party shall grant extradition if:

      a)    its laws would provide for the punishment of such an offense committed in similar circumstances, or

**TIAS 9656**

4

    b)   the person sought is a national of the requesting Party, and that Party has jurisdiction under its own laws to try that person.

## ARTICLE 2

### Extraditable Offenses

1.- Extradition shall take place, subject to this Treaty, for wilful acts which fall within any of the clauses of the Appendix and are punishable in accordance with the laws of both Contracting Parties by deprivation of liberty the maximum of which shall not be less than one year.

2.- If extradition is requested for the execution of a sentence, there shall be the additional requirement that the part of the sentence remaining to be served shall not be less than six months.

3.- Extradition shall also be granted for wilful acts which, although not being included in the Appendix, are punishable, in accordance with the federal laws of both Contracting Parties, by a deprivation of liberty the maximum of which shall not be less than one year.

4.- Subject to the conditions established in paragraphs 1, 2 and 3, extradition shall also be granted:

    a)  For the attempt to commit an offense; conspiracy to commit an offense; or the participation in the execution of an offense; or

    b)  When, for the purpose of granting jurisdiction to the Unit

5

ed States government, transportation of persons or property, the use of the mail or other means of carrying out interstate or foreign commerce, is also an element of the offense.

### ARTICLE 3

#### Evidence Required

Extradition shall be granted only if the evidence be found sufficient, according to the laws of the requested Party, either to justify the committal for trial of the person sought if the offense of which he has been accused had been committed in that place or to prove that he is the person convicted by the courts of the requesting Party.

### ARTICLE 4

#### Territorial Application

1.- For the purposes of this Treaty, the territory of a Contracting Party shall include all the territory under the jurisdiction of that Contracting Party, including airspace and territorial waters and vessels and aircraft registered in that Contracting Party if any such aircraft is in flight when the offense is committed.

2.- For the purposes of this Treaty, an aircraft shall be considered to be in flight at any time from the moment when all its external doors are closed following the embarkation until the moment when any such door is opened for disembarkation.

### ARTICLE 5

#### Politicial and Military Offenses

1.- Extradition shall not be granted when the offense for which

**TIAS 9656**

6

it is requested is political or of a political character.

If any question arises as to the application of the foregoing paragraph, the Executive authority of the requested Party shall decide.

2.- For the purpose of this Treaty, the following offenses shall not be considered to be offenses included in paragraph 1:

a) The murder or other wilful crime against the life or physical integrity of a Head of State or Head of Government or of his family, including attempts to commit such an offense.

b) An offense which the Contracting Parties may have the obligation to prosecute by reason of a multilateral international agreement.

3.- Extradition shall not be granted when the offense for which extradition is requested is a purely military offense.

## ARTICLE 6

### Non bis in idem

Extradition shall not be granted when the person sought has been prosecuted or has been tried and convicted or acquitted by the requested Party for the offense for which extradition is requested.

## ARTICLE 7

### Lapse of Time

Extradition shall not be granted when the prosecution or the en-

7

forcement of the penalty for the offense for which extradition has been
sought has become barred by lapse of time according to the laws of
the requesting or requested Party.

### ARTICLE 8

#### Capital Punishment

When the offense for which extradition is requested is punishable
by death under the laws of the requesting Party and the laws of the re-
quested Party do not permit such punishment for that offense, extradition
may be refused unless the requesting Party furnishes such assurances as
the requested Party considers sufficient that the death penalty shall not be
imposed, or, if imposed, shall not be executed.

### ARTICLE 9

#### Extradition of Nationals

1.- Neither Contracting Party shall be bound to deliver up its own
nationals, but the executive authority of the requested Party shall, if not
prevented by the laws of that Party, have the power to deliver them  up
if, in its discretion, it be deemed proper to do so.

2.- If extradition is not granted pursuant to paragraph 1 of this
Article, the requested Party shall submit the case to its competent au-
thorities for the purpose of prosecution, provided that Party has juris-
diction over the offense.

TIAS 9656,

8

## ARTICLE 10

### Extradition Procedures and Required Documents

1.- The request for extradition shall be made through the diplomatic channel.

2.- The request for extradition shall contain the description of the offense for which extradition is requested and shall be accompanied by:

    a)   A statement of the facts of the case;

    b)   The text of the legal provisions describing the essential elements of the offense;

    c)   The text of the legal provisions describing the punishment for the offense;

    d)   The text of the legal provisions relating to the time limit on the prosecution or the execution of the punishment of the offense;

    e)   The facts and personal information of the person sought which will permit his identification and, where possible, information concerning his location.

3.- In addition, when the request for extradition relates to a person who has not yet been convicted, it shall be accompanied by:

    a)   A certified copy of the warrant of arrest issued by a judge or other judicial officer of the requesting Party;

9

b)  Evidence which, in accordance with the laws of the re-
quested Party, would justify the apprehension and commit
ment for trial of the person sought if the offense had
been committed there.

4.- When the request for extradition relates to a convicted person,
it shall be accompanied by a certified copy of the judgment of conviction
imposed by a court of the requesting Party.

If the person was found guilty but not sentenced, the extradition
request shall be accompanied by a certification to that effect and a cer
tified copy of the warrant of arrest.

If such person has already been sentenced, the request for extra
dition  shall be accompanied by a certification of the sentence imposed
and a statement indicating which part of the sentence has not been car-
ried out.

5.- All the documents that must be presented by the requesting
Party in accordance with the provisions of this Treaty shall be accom-
panied by a translation in the language of the requested Party.

6.- The documents which, according to this Article, shall accom
pany the request for extradition, shall be received in evidence when:

a)  In the case of a request emanating from the United States,
they are authenticated by the official seal of the Depart-
ment of State and legalized by the manner prescribed by
the Mexican law;

TIAS 9656

10

b)  In the case of a request emanating from the United Mexican States, they are certified by the principle diplomatic or consular officer of the United States in Mexico.

### ARTICLE 11

#### Provisional   Arrest

1.- In the case of urgency, either Contracting Party may request, through the diplomatic channel, the provisional arrest of an accused or convicted person. The application shall contain a description of the offense for which the extradition is requested, a description of the person sought and his whereabouts, an undertaking to formalize the request for extradition, and a declaration of the existence of a warrant of arrest issued by a competent judicial authority or a judgment of conviction issued against the person sought.

2.- On receipt of such a request, the requested Party shall take the necessary steps to secure the arrest of the person claimed.

3.- Provisional arrest shall be terminated if, within a period of 60 days after the apprehension of the person claimed, the executive authority of the requested Party has not received the formal request for extradition and the documents mentioned in Article 10.

4.- The fact that the provisional arrest is terminated pursuant to paragraph 3 shall not prejudice the extradition of the person sought if the request for extradition and the necessary documents mentioned in Article 10 are delivered at a later date.

11

## ARTICLE 12

### Additional Evidence

If the Executive authority of the requested Party considers that the evidence furnished in support of the request for extradition is not sufficient in order to fulfill the requirements of this Treaty, that Party shall request the presentation of the necessary additional evidence.

## ARTICLE 13

### Procedure

1.- The request for extradition shall be processed in accordance with the legislation of the requested Party.

2.- The requested Party shall make all arrangements necessary for internal procedures arising out of the request for extradition.

3.- The competent legal authorities of the requested Party shall be authorized to employ all legal means within their power to obtain from the judicial authorities the decisions necessary for the resolution of the request for extradition.

## ARTICLE 14

### Decision and Surrender

1.- The requested Party shall promptly communicate to the requesting Party its decision on the request for extradition.

2.- In the case of complete or partial rejection of a request for extradition, the requested Party shall give the reasons on which it was based.

12

3.- If the extradition is granted, the surrender of the person sought shall take place within such time as may be prescribed by the laws of the requested Party. The competent authorities of the Contracting Parties shall agree on the date and place of the surrender of the person sought.

4.- If the competent authority has issued the warrant or order for the extradition of the person sought and he is not removed from the territory of the requested Party within the prescribed period, he shall be set at liberty and the requested Party may subsequently refuse to extradite him for the same offense.

ARTICLE 15

Delayed Surrender

The requested Party, after granting the extradition, may defer the surrender of the person sought when that person is being proceeded against or is serving a sentence in the territory of the requested Party for a different offense, until the conclusion of the proceeding or the full execution of the punishment that has been imposed.

ARTICLE 16

Requests for extradition made by Third States

The requested Party, in the case of receiving requests from the other Contracting Party and from one or more third States for the extradition of the same person, be it for the same offense or for different offenses, shall decide to which requesting State it shall grant the ex

TIAS 9656

13

tradition of that person.

## ARTICLE 17

Rule of Speciality

1.- A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless:

a)   He has left the territory of the requesting Party after his extradition and has voluntarily returned to it;

b)   He has not left the territory of the requesting Party within 60 days after being free to do so; or

c)   The requested Party has given its consent to his detention, trial, punishment or extradition to a third State for an offense other than that for which the extradition was granted.

These stipulations shall not apply to offenses committed after the extradition.

2.- If, in the course of the procedure, the classification of the offense is changed for which the person requested was extradited, he shall be tried and sentenced on the condition that the offense, in its new legal form:

a)   Is based on the same group of facts established in the request for extradition and in the documents presented in its support; and

**TIAS 9656**

14

b) Is punishable with the same maximum sentence as the crime for which he was extradited or with a lesser sentence.

## ARTICLE 18

### Summary Extradition

If the person sought informs the competent authorities of the requested Party that he agrees to be extradited, that Party may grant his extradition without further proceedings, and shall take all measures permitted under its laws to expedite the extradition. In such cases Article 17 shall not be applicable.

## ARTICLE 19

### Surrender of Property

1.- To the extent permitted under the law of the requested Party and subject to the rights of third parties, which shall be duly respected, all articles, instruments, objects of value or documents relating to the offense, whether or not used for its execution, or which in any other manner may be material evidence for the prosecution, shall be surrendered upon the granting of the extradition even when extradition cannot be effected due to the death, disappearance, or escape of the accused.

2.- The requested Party may condition the surrender of articles upon a satisfactory assurance from the requesting Party that the articles will be returned to the requested Party as soon as possible.

TIAS 9656

15

ARTICLE 20

Transit

1.- The right to transport through the territory of one of the Contracting Parties a person who is not a national of that Contracting Party surrendered to the other Contracting Party by a third State shall be granted on presentation made through the diplomatic channel of a certified copy of the decision on extradition, provided that reasons of public order are not opposed to the transit.

2.- The authorities of the transit State shall be in charge of the custody of the extradited person while that person is in its territory.

3.- The Party to which the person has been extradited shall reimburse the State through whose territory such person is transported for any expenses incurred by the latter in connection with such transportation.

ARTICLE 21

Expenses

The requested Party shall bear the expenses of the arrangements referred to in Article 13, with the exception that the expenses incurred for the translation of documents and, if applicable, for the transportation of the person ordered extradited shall be paid by the requesting Party.

ARTICLE 22

Scope of Application

1.- This Treaty shall apply to offenses specified in Article 2 com

16

mitted before and after this Treaty enters into force.

2.- Requests for extradition that are under process on the date of the entry into force of this Treaty, shall be resolved in accordance with the provisions of the Treaty of 22 February, 1899,[1] and the Additional Conventions on Extradition of 25 June 1902,[2] 23 December 1925,[3] and 16 August 1939.[4]

ARTICLE 23

Ratification, Entry into Force, Denunciation

1.- This Treaty shall be subject to ratification; the exchange of instruments of ratification shall take place in Washington as soon as possible.

2.- This Treaty shall enter into force on the date of exchange of the instruments of ratification.

3.- On entry into force of this Treaty, the Treaty of Extradition of 22 February 1899 and the Additional Conventions on Extradition of 25 June 1902, 23 December 1925 and 16 August 1939 between the United States of America and the United Mexican States, shall cease to have effect without prejudice to the provisions of Article 22.

4.- Either Contracting Party may terminate this Treaty by giving notice to the other Party. The termination shall take effect six months after the receipt of such notice.

---

[1] TS 242 ; 31 Stat. 1818.
[2] TS 421 ; 9 Bevans 918.
[3] TS 741 ; 44 Stat. 2409.
[4] TS 967 ; 55 Stat. 1133.

TIAS 9656

17

Done in two originals, in the English and Spanish languages, both equally authentic, at Mexico City this fourth day of May, one thousand nine hundred seventy-eight.

[1]

For the Government of the
United States of America

[2]

For the Government of the
United Mexican States

---

[a] Cyrus Vance.
[2] S. Roel.

TIAS 9656

18

APPENDIX

1. Murder or manslaughter; abortion.

2. Malicious wounding or injury.

3. Abandonment of minors or other dependents when there is danger of injury or death.

4. Kidnapping; child stealing; abduction; false imprisonment.

5. Rape; statutory rape; indecent assault; corruption of minors, including unlawful sexual acts with or upon children under the age of consent.

6. Procuration; promoting or facilitating prostitution.

7. Robbery; burglary; larceny.

8. Fraud.

9. Embezzlement.

10. An offense against the laws relating to counterfeiting and forgery.

11. Extortion.

12. Receiving or transporting any money, valuable securities, or other property knowing the same to have been unlawfully obtained.

13. Arson; malicious injury to property.

14. Offenses against the laws relating to the traffic in, possession, production, manufacture, importation or exportation of dangerous drugs and chemicals, including narcotic drugs, cannabis, psychotropic drugs, opium, cocaine, or their derivatives.

15. Offenses against the laws relating to the control of poisonous chemicals or substances injurious to health.

19

16. Piracy.

17. Offenses against the safety of means of transportation including any act that would endanger a person in a means of transportation.

18. An offense relating to unlawful seizure or exercise of control of trains, aircraft, vessels, or other means of transportation.

19. Offenses against the laws relating to prohibited weapons, and the control of firearms, ammunition, explosives, incendiary devices or nuclear materials.

20. An offense against the laws relating to international trade and transfers of funds or valuable metals. *

21. An offense against the laws relating to the importation, exportation, or international transit of goods, articles, or merchandise, including historical or archeological items.

22. Violations of the customs laws.

23. Offenses against the laws relating to the control of companies, banking institutions, or other corporations.

24. Offenses against the laws relating to the sale of securities, including stocks, bonds and instruments of credit.

25. Offenses against the laws relating to bankruptcy or rehabilitation of a corporation.

26. Offenses against the laws relating to prohibition of monopoly or unfair transactions.

27. Offenses against the laws relating to protection of industrial property or copyright.

28. Offenses against the laws relating to abuse of official authority.

20

29. Bribery, including soliciting, offering and accepting bribes.

30. Perjury; false statments to any governmental authority. Sub ornation of perjury or false statements.

31. Offenses against the laws relating to obstruction of justice, including harboring criminals and suppressing evidence.

21

## TRATADO DE EXTRADICION ENTRE LOS ESTADOS UNIDOS DE AMERICA Y LOS ESTADOS UNIDOS MEXICANOS

El Gobierno de los Estados Unidos de América y el Gobierno de los Estados Unidos Mexicanos,

Deseosos de cooperar más estrechamente en la lucha contra la delincuencia y de prestarse mutuamente, con ese fin, una mayor asistencia en materia de extradición,

Han acordado lo siguiente:

### ARTICULO 1

#### Obligación de extraditar

1.- Las Partes Contratantes se comprometen a entregarse mutuamente, con sujeción a las disposiciones de este Tratado, a las personas respecto de las cuales las autoridades competentes de la Parte requirente hayan iniciado un procedimiento penal o que hayan sido declaradas responsables de un delito o que sean reclamadas por dichas autoridades para el cumplimiento de una pena de privación de libertad impuesta judicialmente, por un delito cometido dentro del territorio de la Parte requirente.

2.- Cuando el delito se haya cometido fuera del territorio de la Parte requirente, la Parte requerida concederá la extradición si:

TIAS 9656

22

a) sus leyes disponen el castigo de dicho delito come-
tido en circunstancias similares, o

b) la persona reclamada es nacional de la Parte requi-
rente, y ésta tiene jurisdicción de acuerdo con sus
leyes para juzgar a dicha persona.

ARTICULO 2

Delitos que darán lugar a la extradición

1. Darán lugar a la extradición conforme a este Tratado
las conductas intencionales que, encajando dentro de cualquiera
de los incisos del Apéndice, sean punibles conforme a las leyes
de ambas Partes Contratantes con una pena de privación de la li-
bertad cuyo máximo no sea menor de un año.

2. Si la extradición se solicita para la ejecución de una
sentencia, se requerirá además que la parte de la sentencia que
aún falte por cumplir no sea menor de seis meses.

3. Darán también lugar a la extradición las conductas in-
tencionales que, sin estar incluídas en el Apéndice, sean puni-
bles, conforme a las leyes federales de ambas Partes Contratan-
tes, con una pena de privación de la libertad cuyo máximo no
sea menor de un año.

4. Bajo las condiciones establecidas en los párrafos 1, 2
y 3, la extradición también será concedida:

TIAS 9656

23

a) por la tentativa de cometer un delito; la asociación para prepararlo y ejecutarlo; o la participación en su ejecución; o

b) cuando para los efectos de atribuir jurisdicción al Gobierno de los Estados Unidos, el transporte de personas o de bienes, el uso de correos u otros medios de realizar actos de comercio interestatal o con el extranjero sea un elemento del delito.

## ARTICULO 3

### Pruebas necesarias

Sólo se concederá la extradición si se determina que las pruebas son suficientes, conforme a las leyes de la Parte requerida, bien para justificar el enjuiciamiento del reclamado si el delito del cual se le acusa hubiese sido cometido en ese lugar, bien para probar que es la persona condenada por los tribunales de la Parte requirente.

## ARTICULO 4

### Ambito territorial de aplicación

1. A los efectos de este Tratado, el territorio de una de las Partes Contratantes comprende todo el territorio sometido a su jurisdicción, incluyendo el espacio aéreo y las aguas territoriales, así como los buques y aviones matriculados en ella, siempre que, tratándose de estos últimos, se hayan encontrado en vue-

24

lo en el momento de cometerse el delito.

2. Para los efectos de este Tratado, una aeronave será considerada en vuelo todo el tiempo que medie entre el momento en que todas sus puertas que dan al exterior hayan sido cerradas con posterioridad al embarque hasta el momento en que cualquiera de esas puertas sea abierta para el desembarque.

ARTICULO 5

Delitos políticos y militares

1. No se concederá la extradición si el delito por el cual fue solicitada es político o de carácter político.

En caso de surgir cualquier cuestión respecto de la aplicación del párrafo anterior, corresponderá decidir al Poder Ejecutivo de la Parte requerida.

2. Para los efectos de este Tratado, los siguientes delitos no se considerarán incluídos en el párrafo 1:

a) el homicidio u otro delito intencional contra la vida o la integridad física de un Jefe de Estado o de Gobierno o de un miembro de su familia, incluyendo la tentativa de cometer un delito de esa índole;

b) un delito que las Partes Contratantes tengan la obligación de perseguir en virtud de un convenio internacional multilateral.

TIAS 9656

25

3. No se concederá la extradición cuando el delito por el cual fue solicitada sea un delito puramente militar.

## ARTICULO 6

### Non bis in idem

No se concederá la extradición cuando el reclamado haya sido sometido a proceso o haya sido juzgado y condenado o absuelto por la Parte requerida por el mismo delito en que se apoye la solicitud de extradición.

## ARTICULO 7

### Prescripción

No se concederá la extradición cuando la acción penal o la pena por la cual se pide la extradición haya prescrito conforme a las leyes de la Parte requirente o de la Parte requerida.

## ARTICULO 8

### Pena de muerte

Cuando el delito por el cual se solicita la extradición sea punible con la pena de muerte conforme a las leyes de la Parte requirente y las leyes de la Parte requerida no permitan tal pena para ese delito, la extradición podrá ser rehusada a menos que la Parte requirente dé las seguridades que la Parte requerida estime suficientes de que no se impondrá la pena de muerte o de que, si es impuesta, no será ejecutada.

TIAS 9656

26

## ARTICULO 9

### Extradición de nacionales

1) Ninguna de las dos Partes Contratantes estará obligada a entregar a sus nacionales pero el Poder Ejecutivo de la Parte requerida tendrá la facultad, si no se lo impiden sus leyes, de entregarlos si, a su entera discreción, lo estima procedente.

2) Si la extradición no es concedida en virtud de lo dispuesto en el párrafo 1 de este artículo, la Parte requerida turnará el expediente a sus autoridades competentes para el ejercicio de la acción penal, siempre y cuando dicha Parte tenga jurisdicción para perseguir el delito.

## ARTICULO 10

### Procedimiento para la extradición y documentos que son necesarios

1. La solicitud de extradición se presentará por la vía diplomática.

2. La solicitud de extradición deberá contener la expresión del delito por el cual se pide la extradición y será acompañada de:

    a) una relación de los hechos imputados;

    b) el texto de las disposiciones legales que fijen los elementos constitutivos del delito;

    c) el texto de las disposiciones legales que determinen la pena correspondiente al delito;

    d) el texto de las disposiciones legales relativas a la pres

27

cripción de la acción penal o de la pena;

e) los datos y antecedentes personales del reclamado que permitan su identificación y, siempre que sea posible, los conducentes a su localización.

3. Cuando la solicitud de extradición se refiera a una persona que aún no haya sido sentenciada se le anexarán además:

a) una copia certificada de la orden de aprehensión librada por un juez u otro funcionario judicial de la Parte requirente;

b) las pruebas que conforme a las leyes de la Parte requerida justificarían la aprehensión y enjuiciamiento del reclamado en caso de que el delito se hubiere cometido allí.

4. Cuando la solicitud de extradición se refiere a una persona sentenciada, se le anexará una copia certificada de la sentencia condenatoria decretada por un tribunal de la Parte requirente.

Si la persona fue declarada culpable pero no se fijó la pena, a la solicitud de extradición se agregará una certificación al respecto y una copia certificada de la orden de aprehensión.

Si a dicha persona ya se le impuso una pena, la solicitud de extradición deberá estar acompañada de una certificación de la pena impuesta y de una constancia que indique la parte de la pena que aún no haya sido cumplida.

5. Todos los documentos que deban ser presentados por la

28

Parte requirente conforme a las disposiciones de este Tratado deberán estar acompañados de una traducción al idioma de la Parte requerida.

6. Los documentos que, de acuerdo con este artículo, deban acompañar la solicitud de extradición, serán recibidos como prueba cuando:

a) en el caso de una solicitud que se origine en los Estados Unidos, estén autorizados con el sello oficial del Departamento de Estado y legalizados además en la forma que prescriba la ley mexicana;

b) en el caso de una solicitud que se origine en los Estados Unidos Mexicanos estén legalizados por el principal funcionario diplomático o consular de los Estados Unidos en México.

## ARTICULO 11

### Detención provisional

1. En caso de urgencia, cualquiera de las Partes Contra - tantes podrá pedir, por la vía diplomática, la detención provisional de una persona acusada o sentenciada. El pedimento deberá contener la expresión del delito por el cual se pide la extradición, la descripción del reclamado y su paradero, la promesa de formalizar la solicitud de extradición y una declaración de la existencia de una orden de aprehensión librada por autoridad judicial competente o de una sentencia condenatoria en contra del reclamado.

TIAS 9656

29

2. Al recibo de un pedimento de esa naturaleza, la Parte requerida tomará las medidas necesarias para obtener la aprehensión del reclamado.

3. Se pondrá fin a la detención provisional si, dentro de un plazo de sesenta días después de la aprehensión del reclamado, el Poder Ejecutivo de la Parte requerida no ha recibido la solicitud formal de extradición con los documentos mencionados en el artículo 10.

4. El hecho de que se ponga fin a la detención provisional en aplicación del párrafo 3 no impedirá la extradición del reclamado si la solicitud de extradición y los documentos necesarios para fundarla enumerados en el artículo 10 son entregados posteriormente.

ARTICULO 12

Pruebas adicionales

Si el Poder Ejecutivo de la Parte requerida estima que las pruebas presentadas en apoyo de la solicitud de extradición no son suficientes para satisfacer los requisitos de este Tratado, dicha Parte solicitará la presentación de las pruebas adicionales que sean necesarias.

ARTICULO 13

Procedimiento

1. La solicitud de extradición será tramitada de acuerdo con la legislación de la Parte requerida.

30

2. La Parte requerida dispondrá los procedimientos internos necesarios para dar curso a la solicitud de extradición.

3. Los funcionarios competentes de la Parte requerida quedarán autorizados para emplear todos los medios legales a su alcance con el fin de obtener de las autoridades judiciales las decisiones necesarias para la resolución de la solicitud de extradición.

ARTICULO 14

Resolución y entrega

1. La Parte requerida comunicará sin demora a la Parte requirete su resolución respecto de la solicitud de extradición.

2. En caso de denegación total o parcial de una solicitud de extradición, la Parte requerida expondrá las razones en que se haya fundado.

3. Si se concede la extradición, la entrega del reclamado se hará dentro del plazo que fijen las leyes de la Parte requerida. Las autoridades competentes de las Partes Contratantes convendrán en el día y lugar de entrega del reclamado.

4. Si la autoridad competente ha expedido el mandamiento u orden para la extradición del reclamado y éste no es llevado fuera del territorio de la Parte requerida dentro del plazo prescrito, será puesto en libertad y la Parte requerida podrá posteriormente negarse a extraditarlo por el mismo delito.

TIAS 9656

31

## ARTICULO 15

### Entrega diferida

La Parte requerida podrá, después de acceder a la extradición, diferir la entrega del reclamado cuando existan procedimientos en curso en contra de él o cuando se encuentre cumpliendo una pena en el territorio de la Parte requerida por un delito distinto, hasta la conclusión del procedimiento o la plena ejecución de la sanción que le haya sido impuesta.

## ARTICULO 16

### Solicitudes de extradición de terceros Estados

La Parte requerida, en caso de recibir solicitudes de la otra Parte Contratante y de uno o varios terceros Estados para la extradición de la misma persona, ya sea por el mismo delito o por delitos distintos, decidirá a cual de los Estados requirentes concederá la extradición de dicha persona.

## ARTICULO 17

### Regla de la especialidad

1. Una persona extraditada conforme al presente Tratado no será detenida, enjuiciada o sancionada en el territorio de la Parte requirente por un delito distinto de aquel por el cual se concedió la extradición ni será extraditada por dicha Parte a un tercer Estado a menos que:

a) haya abandonado el territorio de la Parte requirente

**TIAS 9656**

32

después de su extradición y haya regresado voluntaria-
mente a él;

b) no haya abandonado el territorio de la Parte requirente
dentro de los 60 días siguientes a la fecha en que ha-
ya estado en libertad de hacerlo; o

c) la Parte requerida haya dado su consentimiento para que
sea detenida, enjuiciada, sancionada o extraditada a un
tercer Estado por un delito distinto de aquel por el cual
se concedió la extradición.

Estas disposiciones no se aplicarán a delitos cometidos des -
pués de la extradición.

2. Si, en el curso del procedimiento, se cambia la califica-
ción del delito por el cual el reclamado fue extraditado, será enjui
ciado y sentenciado a condición de que el delito, en su nueva confi
guración legal:

a) esté fundado en el mismo conjunto de hechos estableci-
dos en la solicitud de extradición y en los documentos
presentados en su apoyo; y

b) sea punible con la misma pena máxima que el delito
por el cual fue extraditado o con una pena cuyo máxi-
mo sea menor.

ARTICULO 18

Extradición sumaria

Si el reclamado manifiesta a las autoridades competentes de
la Parte requerida que consiente en ser extraditado, dicha Parte

33

podrá conceder su extradición sin mayores trámites y tomará todas las medidas permitidas por sus leyes para expeditar la extradición. No será aplicable a estos casos el artículo 17.

## ARTICULO 19

### Entrega de objetos

1. En la medida en que lo permitan las leyes de la Parte requerida y sin perjuicio de los derechos de terceros, los cuales serán debidamente respetados, todos los artículos, instrumentos, objetos de valor o documentos relacionados con el delito, aún cuando no hayan sido utilizados para su ejecución, o que de cualquier manera puedan servir de prueba en el proceso, serán entregados al concederse la extradición aún cuando la extradición no pueda consumarse por la muerte, desaparición o fuga del acusado.

2. La Parte requerida podrá condicionar la entrega de objetos a que la Parte requirente dé seguridades satisfactorias de que tales objetos sean devueltos a la Parte requerida a la brevedad posible.

## ARTICULO 20

### Tránsito

1. El tránsito por el territorio de una de las Partes Contratantes de una persona que no sea nacional de esa Parte Contratante, entregada a la otra Parte Contratante por un tercer Estado, será permitido mediante la presentación por la vía diplomática de una copia certificada de la resolución en la que se concedió la extradición, siempre que no se opongan razones de orden público.

34

2. Corresponderá a las autoridades del Estado de tránsito la custodia del extraditado mientras permanezca en su territorio.

3. La Parte requirente reembolsará al Estado de tránsito cualquier gasto en que éste incurra con tal motivo.

### ARTICULO 21

#### Gastos

La Parte requerida se hará cargo de todos los gastos que ocasionen los procedimientos internos mencionados en el artículo 13, con excepción de los gastos inherentes a la traducción de documentos y, en su caso, al transporte del reclamado, los cuales serán expensados por la Parte requirente.

### ARTICULO 22

#### Ambito temporal de aplicación

1. Este Tratado se aplicará a los delitos especificados en el artículo 2 que hayan sido cometidos ya sea antes o después de su entrada en vigor.

2. Las solicitudes de extradición que se encuentren en trámite en la fecha en que entre en vigor este Tratado serán resueltas conforme a las disposiciones del Tratado de 22 de febrero de 1899 y de las Convenciones Adicionales sobre Extradición de 25 de junio de 1902, 23 de diciembre de 1925 y 16 de agosto de 1929.

### ARTICULO 23

#### Ratificación, entrada en vigor, denuncia

1. Este Tratado está sujeto a ratificación; el canje de los ins

35

trumentos de ratificación se hará en la ciudad de Washington a la brevedad posible.

2. Este Tratado entrará en vigor en la fecha del canje de los instrumentos de ratificación.

3. Al entrar en vigor este Tratado, el Tratado de Extradición de 22 de febrero de 1899 y las Convenciones Adicionales sobre Extradición de 25 de junio de 1902, 23 de diciembre de 1925 y 16 de agosto de 1939 entre los Estados Unidos de América y los Estados Unidos Mexicanos dejarán se surtir efectos sin perjuicio de lo dispuesto en el artículo 22.

4. Cualquiera de las Partes Contratantes podrá poner término a este Tratado mediante aviso que dé a la otra Parte. La terminación surtirá efectos seis meses después del recibo de dicho aviso.

Hecho en dos originales, en inglés y en español, ambos igualmente válidos, en la Ciudad de México, a los cuatro días del mes de mayo del año mil novecientos setenta y ocho.

Por el Gobierno de los
Estados Unidos de América

Por el Gobierno de los
Estados Unidos Mexicanos

TIAS 9656

36

APENDICE

1. Homicidio; parricidio; infanticidio; aborto.

2. Lesiones graves intencionales.

3. Abandono de menores u otros dependientes cuando haya peligro de daño o muerte.

4. Secuestro; privación ilegal de libertad; robo de infante; rapto.

5. Violación; estupro; atentado al pudor; corrupción de menores, incluyendo actos sexuales ilícitos cometidos con menores de edad.

6. Lenocinio.

7. Robo; robo con violencia; allanamiento de morada.

8. Fraude.

9. Abuso de confianza; peculado; malversación de fondos.

10. Delitos relativos a la falsificación en todas sus formas.

11. Extorsión; exacción ilegal.

12. Recibir o transportar sumas de dinero, valores o cualquier cosa a sabiendas de que fueron obtenidas delictuosamente.

13. Incendio intencional y daño intencional en propiedad ajena.

14. Delitos relativos al tráfico, posesión, producción, elaboración, importación o exportación de drogas y productos químicos peligrosos incluyendo drogas narcóticas, cannabis, drogas psicotrópicas, opio, cocaína o sus derivados.

15. Delitos en materia de control de productos químicos venenosos o de substancias dañinas a la salud.

16. Piratería.

37

17. Delitos contra la seguridad de los medios de transporte incluyendo cualquier acto que ponga en peligro a una persona en un medio de transporte.

18. Secuestro o apoderamiento ilegal de trenes, aeronaves, barcos u otros medios de transporte.

19. Delitos en materia de armas prohibidas y control de armas de fuego, municiones, explosivos, aparatos incendiarios o materias nucleares.

20. Delitos contra el comercio internacional y en materia de transmisión internacional de fondos y metales preciosos.

21. Delitos previstos en las leyes relativas a la importación, exportación o tránsito internacional de bienes, artículos o mercancías incluyendo objetos históricos o arqueológicos.

22. Delitos en materia aduanal.

23. Delitos previstos en las leyes relativas al control de sociedades mercantiles, instituciones bancarias y otras personas morales.

24. Delitos previstos en las leyes relacionadas con el mercado de valores, incluyendo la venta de acciones, bonos y títulos de crédito.

25. Delitos previstos en las leyes relacionadas con la quiebra o suspensión de pagos de una sociedad mercantil.

26. Delitos en materia de monopolios y de competencia desleal.

27. Delitos previstos en las leyes relacionadas con la protección de la propiedad industrial y derechos de autor.

28. Delitos previstos en las leyes relacionadas con el abuso de autoridad.

38

29. Cohecho y concusión.

30. Falsedad en declaraciones judiciales o en informes dados a una autoridad pública distinta de la judicial. Sobornar a otro para que se produzca con falsedad.

31. Delitos relativos a la obstrucción de la justicia incluyendo el encubrimiento y la supresión de pruebas.

TIAS 9656

1

| 105TH CONGRESS 2d Session | SENATE | TREATY DOC. 105–46 |
|---|---|---|

## PROTOCOL TO EXTRADITION TREATY WITH MEXICO

---

## MESSAGE

FROM

# THE PRESIDENT OF THE UNITED STATES

TRANSMITTING

PROTOCOL TO THE EXTRADITION TREATY BETWEEN THE UNITED STATES OF AMERICA AND THE UNITED MEXICAN STATES OF MAY 4, 1978, SIGNED AT WASHINGTON ON NOVEMBER 13, 1997



MAY 21, 1998.—Protocol was read the first time, and together with the accompanying papers, referred to the Committee on Foreign Relations and ordered to be printed for the use of the Senate

---

U.S. GOVERNMENT PRINTING OFFICE

59–118                WASHINGTON : 1998

# LETTER OF TRANSMITTAL

---

THE WHITE HOUSE, *May 21, 1998.*

*To the Senate of the United States:*

With a view to receiving the advice and consent of the Senate to ratification, I transmit herewith the Protocol to the Extradition Treaty Between the United States of America and the United Mexican States of May 4, 1978, signed at Washington on November 13, 1997.

In addition, I transmit, for the information of the Senate, the report of the Department of State with respect to the Protocol. As the report explains, the Protocol will not require implementing legislation.

This Protocol will, upon entry into force, enhance cooperation between the law enforcement communities of both countries. The Protocol incorporates into the 1978 Extradition Treaty with Mexico a provision on temporary surrender of persons that is a standard provision in more recent U.S. bilateral extradition treaties.

I recommend that the Senate give early and favorable consideration to the Protocol and give its advice and consent to ratification.

WILLIAM J. CLINTON.

# LETTER OF SUBMITTAL

DEPARTMENT OF STATE,
*Washington, May 7, 1998.*

The PRESIDENT,
*The White House.*

THE PRESIDENT: I have the honor to submit to you the Protocol to the Extradition Treaty Between the United States of America and the United Mexican States of May 4, 1978 ("the Protocol"), signed at Washington on November 13, 1997. I recommend that the Protocol be transmitted to the Senate for its advice and consent to ratification.

The Protocol represents the fulfillment of a pledge made in the Declaration of the Mexican/U.S. Alliance Against Drugs, signed at Mexico City on May 6, 1997, to "ensure that fugitives are expeditiously and with due legal process brought to justice and are unable to evade justice in one country by fleeing to or remaining in the other."

The Protocol incorporates into the 1978 Extradition Treaty with Mexico (the "1978 Treaty") a provision on temporary surrender of persons which has become a standard provision in more recent United States bilateral extradition treaties. Temporary surrender can be an important tool for use in cases where serious crimes have been committed in one country which might go unpunished if trial in that country were to be delayed for a long period while a sentence was being served for different crimes committed in the other country. It thus enables sequential trials of individuals who have committed extraditable offenses in both countries at a time when witnesses and evidence to both crimes are readily available.

Article 1(1) of the Protocol amends the title of Article 15 of the 1978 Treaty to include reference to temporary surrender. Article 1(2) sets out the new text to be added to Article 15 regarding temporary surrender, which will form new paragraphs (2) and (3) of that Article.

New Article 15(2) provides that a Party which has granted an extradition request (the "Requested Party") made by the other Party (the "Requesting Party") in accordance with the Treaty, with respect to a person who already has been convicted and sentenced in the Requested Party, may temporarily surrender the person to the Requesting Party before or during service of sentence for the crimes committed in the Requested Party. It further provides that the person so surrendered shall be kept in custody in the Requesting Party, and shall be returned to the Requested Party after conclusion of the proceedings in the Requesting Party, in accordance with conditions to be determined by agreement of the Parties.

(V)

VI

It is anticipated that extradition authorities in both countries, which in some cases will include state-level authorities, would consult in order to develop the case-specific agreement necessary to effect a temporary transfer. Such agreements would address arrangements for transferring custody of, and for returning, the prisoner, as well as authorizing further consultations on any extraordinary circumstances which may arise. By establishing a treaty-based legal framework for case-specific agreements, it should now prove possible for state-level authorities to offer the necessary assurances of custody and return, without which past efforts to effect temporary surrenders with Mexico have been frustrated. Consistent with our normal extradition practice any case-specific agreements or assurances would be concluded by the federal authorities on behalf of the state authorities.

New Article 15(3) addresses one possible outcome of a temporary surrender—a finding at trial in the Requesting Party that the person surrendered is not guilty of the offenses charged. In that circumstance, the Protocol provides that the period of time spent in custody in the Requesting Party shall be credited towards completion of the sentence remaining to be served in the Requested Party which originally surrendered the person. This provision is intended to ensure that the person receives credit somewhere for time in custody even when the general sentencing practice of the Requested Party would not normally recognize time served in another jurisdiction.

Article 2 addresses the relationship between the Protocol and other international instruments with Mexico. Paragraph (1) provides that the Protocol forms an integral part of the 1978 Treaty, and that accordingly its interpretation is governed by the principles contained in the Treaty, such as the rule of specialty. Paragraph (2) clarifies that the requirements of the 1976 Treaty on the Execution of Penal Sentences (the "Prisoner Transfer Treaty"), which generally governs prisoner transfers, does not apply to a temporary surrender under this Protocol.

Unlike prisoner transfer, a temporary surrender does not relocate a prisoner for purposes of serving a sentence, but only for purposes of trial, after which he or she is to be returned to serve sentences imposed in the respective Parties. At the same time, the Protocol does not preclude the subsequent operation of the Prisoner Transfer Treaty with respect to a person who has been temporarily surrendered, tried, and convicted.

Article 2(3) provides that the Protocol is subject to ratification, and enters into force on the date of exchange of instruments of ratification. It terminates upon termination of the Extradition Treaty.

The Protocol does not require implementing legislation.

A Technical Analysis explaining in detail the provisions of the Protocol is being prepared by the United States negotiating delegation and will be submitted separately to the Senate Committee on Foreign Relations.

The Department of Justice joins the Department of State in favoring approval of this Protocol by the Senate at an early date.

Respectfully submitted,

STROBE TALBOT.

**PROTOCOL TO THE EXTRADITION TREATY BETWEEN**
**THE UNITED STATES OF AMERICA AND**
**THE UNITED MEXICAN STATES OF MAY 4, 1978**

The United States of America and the United Mexican States (hereafter "the Parties");

Recognizing the close bilateral relationship which exists between them, reflected in numerous instruments and mechanisms of legal cooperation;

Committed to strengthening legal cooperation in the fight against crime; and

Desiring to make more effective the Extradition Treaty between the Parties, signed at Mexico City on May 4, 1978 (hereafter "the Treaty");

Have agreed as follows:

(1)

2

2

## ARTICLE 1

1. The title of Article 15 of the Treaty is hereby amended to read "Delayed and Temporary Surrender" and the existing text of such Article shall be numbered as Paragraph 1.

2. The following text shall be added as Paragraphs 2 and 3 of Article 15:

(2) The Requested Party, after granting an extradition request made in accordance with this Treaty, may temporarily surrender a person who has been convicted and sentenced in the Requested Party, in order that the person sought may be prosecuted in the Requesting Party before or during service of sentence in the Requested Party. The person so surrendered shall be kept in custody in the Requesting Party, and shall be returned to the Requested Party after conclusion of the proceedings, in accordance with conditions to be determined by agreement of the Parties for that purpose.

(3) In cases in which the person temporarily surrendered is found not guilty in the Requesting Party, the period of time spent in custody in the Requesting Party shall be credited to the sentence in the Requested Party.

## ARTICLE 2

1. This Protocol shall form an integral part of the Treaty, and its interpretation shall be governed by the principles contained in the Treaty.

2. The requirements of the Treaty between the United States of America and the United Mexican States on the Execution of Penal Sentences, signed at Mexico City on November 25, 1976, shall not apply to a temporary surrender under this Protocol.

3

3

3. This Protocol shall be subject to ratification, and shall enter into force on the date of exchange of instruments of ratification. It shall terminate upon termination of the Treaty.

DONE at Washington this thirteenth day of November, 1997, in duplicate, in the English and Spanish languages, both texts being equally authentic.

FOR THE UNITED STATES
OF AMERICA:

FOR THE UNITED MEXICAN STATES: