

Office of the Attorney General of Justice for the State of Jalisco
Office of the Deputy Attorney General of Process Control

CRIMINAL CODE OF THE STATE

CHAPTER VI

Statute of Limitations

General Legal Provisions

**ARTICLE 78.** Statute of limitations extinguishes the criminal actions and the penalties imposed.

**ARTICLE 79.** Statute of limitations is a personal right; the simple passage of time, as indicated by law, shall be enough to cause prescription.

The statute of limitations shall be declared "ex-officio" or upon the request of a party.

CHAPTER VII

Statute of Limitations of the Right to File a Complaint

**ARTICLE 80.** The right of the victim to complain of a crime, whether the crime be continuous or not, that may only be initiated by the complaint, shall prescribe in one year counted from the day the persons authorized to file the complaint have knowledge of the crime and the offender, and in three years if the above requirement is not satisfied, but the complaint has been presented, the remaining rules set forth by this Code shall be applicable to those crimes that are prosecuted "ex-officio".

CHAPTER VIII

Statute of limitations of the Criminal Action

**ARTICLE 81.** The statute of limitations terms for of the criminal action shall be continuous and shall begin to run, from the moment in which the crime was perpetrated, if the crime is instantaneous; from the date the conduct ceased to

77



PROCURADURIA GENERAL
DE LA
REPUBLICA

be criminal, if the crime is a permanent crime, from the day the last criminal act was perpetrated, if it is a continuous crime, and from the day the last criminal act of a serial crime was carried out, and from the date the last act of preparation took place, if it is a crime of attempt.

**ARTICLE 82.** The criminal action shall prescribe in a term which is equal to mathematical mean of the minimum and maximum imprisonment penalty which corresponds to the crime; the statute of limitations shall be increased in a fourth part more than such term, if it is penalized by a fine, statute of limitations shall prescribe in six months if it is penalized by dismissal or suspension of rights, the statute of limitations shall be concluded in one year.

**ARTICLE 83.** In the case of concurrent crimes, the criminal action shall prescribe separately in the terms provided for each crime.

**ARTICLE 84.** Whenever it is a procedural requirement for a criminal action that a prior civil or criminal findings has been issued on the fact in the case, the statute of limitations term shall not begin to run until there is a final judgment in the prior civil or criminal case.

**ARTICLE 85.** The statute of limitations of the criminal action shall never be less than three years, three months, and it shall only be interrupted by the arrest of the defendant

**ARTICLE 86.** If to bring criminal action, the law requires a prior statement of decision of the authority with jurisdiction, the proceedings carried out for the preceding purpose before the term indicated by Article 82, shall interrupt the statute of limitations term, provided that the same occurred within the term of a year.

## CHAPTER V

## FRAUD

**ARTICLE 250.** The crime of fraud is committed when a person deceives another person, or takes advantage of a mistaken belief held by the latter, and illegally obtains an object or an undue gain from said person.

**ARTICLE 251.** The crime of fraud shall be punished by the following penalties:

78



I.- By an imprisonment penalty from six months to two years and a fine from two to eight times the daily wage, provided that the amount defrauded does not exceed four hundred and fifty times the daily wage in force in the scene of the crime;

II.- By an imprisonment penalty from two to seven years and a fine from four to forty times the daily wage, provided that the amount defrauded exceeds four hundred and fifty times the daily wage indicated in the preceding section. The same penalty shall be imposed in the case of the following section, when the asset or value defrauded is restituted and the damage is redressed before filing conclusions within the process and;

III.- By an imprisonment penalty from four to ten years, and a fine from twenty to eighty times the daily wage, provided that the amount defrauded exceeds two thousand five hundred twenty times the daily wage in force in the scene of the crime.

ARTICLE 252. The same penalties set forth in the preceding article shall be imposed upon:

I.- Whomever obtains money, securities, or any other item by offering to be responsible for the defense or to obtain a benefit of an accused person; if he or she does not fulfill any of these commitments, or because he or she quits or abandons the case without justified cause.

II.- Whomever in exchange for consideration, disposes of property with full knowledge that he is not the person who has the legal right to dispose of such property, or to rent, to mortgage, to pledge or by any other means encumber it, if he has received the full or part of the price the amount of the lease, the rent, the amount of the encumbrance, or any other type of gain, excepting those cases provided for Article 253.

III.- Whomever obtains from another an amount of money or any other profit by issuing or endorsing a negotiable instrument, made out to bearer or to the order of a named person, dawn on a fictitious person or a person who he knows will not pay;

IV.- Whomever orders something or accepts a service in any

79



PROCURADURIA GENERAL
DE LA
REPUBLICA

          commercial establishment and does not pay the bill.

V.-    Whomever purchases a property offering to pay its price in cash and after receiving it refuses to make the payment, or to return the property.

VI.-    Whomever had sold a property and received the payment, if he does not deliver the item within the agreed term or does not return the payment in the same term, if this last thing is demanded.

VII.-    Whomever sells the same thing to two persons, whether it be personality or realty, and receives the price or part of the price of the sale, or receives any other gain to the harm of the first or second purchaser.

VIII.-    Whomever simulates a proceeding, legal contract, act or judicial document, to the harm of another or to obtain an undue benefit.

IX.-    Whomever though drawings, raffles, lotteries, pledges of sale, or though any other means, keeps all or a part of the received amounts, without delivering the merchandise or offered object.

X.-    To the producer, business person, contractor, or builder of any work who employs, in the construction of the same, materials inferior in quantity or quality to that agreed upon or labor inferior to the stipulated, when said person has received the payment or a part of it.

XI.-    Whomever convinces another through machinations or promises to build a house, obtaining with such purpose assets or money and they are not allocated for the agreed purpose.

XII.-    To the seller of materials of construction or any other type who, having received the payment of the same, does not deliver them in their entirety or in their stipulated average quality, and the technical specifications or mandatory regulations.

XIII.-    Whomever exploits the concerns, superstitions, or ignorance of the people though supposed evocation of spirits, predictions, or "cures".



XIV.- Condominium building constructors or sellers, or part-time sellers, who obtain funds, negotiable instruments or securities in full or partial payment of the real property's price or by reason of the encumbrance, if it is not allocated, either or a part toward the purposes of the agreed operation because the constructor or seller has made use of them to his own advantage or to that of another

XV.- To the Judicial Bailer who sells, mortgages, encumbers, the asset that guarantied his/her solvency, without having previously substituted the guaranty for another, meeting the requirements required by the authorities which granted the bail, when due to such act he/she is insolvent.

XVI.- To the person who wants to be admitted as a Bailer, guaranty his/her solvency with the same property, used in a previous bail, not informing this circumstance to the Judge who granted this, and when the value of the property is lesser than the amount by means of which the Bailer was admitted.

XVII.- Whomever encumbers twice or more times the same asset and in the same grade of preference.

XVIII.- Whomever affects in trust an asset that does not belong to him/her.

XIX.- Whomever obtains an undue gain in case of kidnapping and due to his/her participation in the negotiations of the same.

XX.- Whomever helps or simulates advice services with the purpose of obtaining an undue gain, with or without the consent of the kidnapped person or his/her family; for the crime referred to in the preceding section, and;

XXI.- Whomever takes advantage of the family's mental confusion or the person who represents him/her in the negotiations, obtains an undue gain providing services grounded upon predictions, or powers without scientific analysis for clearing up the facts, in case of kidnapping.

ARTICLE 253. An imprisonment penalty from four to ten years, and a fine from twenty to four hundred times the general minimum daily wage in force

81



corresponding to the location area of the owner's property, when the latter by himself or by a third party, transfers with the purpose of obtaining a personal gain in a partial manner, without having the corresponding authorization from the competent authorities, the property or its rights upon the same in regard to the property, agreeing cash prices in real or simulated installment payments, or by means of contracts established as "preparatory", "preliminary" "promise" or any other mean of unnamed payment, when the total or partial payment of the price is received, or minimum periodical payments are agreed, and the possession of the property is surrendered. As well as:

I.- The same responsibility will have the legal representatives of the transferring owner of the agents who intervene in the transactions referred to in the preceding paragraph, being aware of the lack authorization indicated therein;

II.- An imprisonment penalty from five to thirteen years and the fine foreseen in the first paragraph shall be imposed upon the responsible, when the asset of the transaction is a property of the common land.

III.- The same penalties established in the first paragraph of this article shall be imposed upon whomever perpetrates the crimes set forth in said paragraph and has no legal right upon such property.

IV.- An imprisonment penalty from one to three years shall be imposed upon whomever being aware orders any kind of publicity offering lot of lands upon properties of an unauthorized housing complex; and

V.- When the victim is dispossessed from property, the redress of damage will consist, according to his choice, in the double payment of the amounts received by the responsible, or the value of the property along with its accessories, in accordance with the banking appraisal referred to the date when the eviction was made.

The crime foreseen in the first paragraph of this Article shall not be committed by the owner of a lot of land who divides and sells in parts of land not greater than three parts, but more than two years should be elapsed between the purchase and sale date.

82



When the owner of the lot of land keeps one of three parts, it cannot be divided and sold again in order to avoid this crime, until a term equal to the term established in the preceding paragraph, has been elapsed.

**ARTICLE 254.** An imprisonment penalty from six months to six years and a fine from four to forty times the daily wage shall be imposed upon the person who received merchandises with subsidy or franchise, given by the Government of the State, Municipality or Des-centralized Agency, Body of the State or Municipality to allocate them, deviates in any manner the purposes established with said subsidy or franchise.



83